6949

## KOLB v. BOOTH.

TRUSTS—REMAINDERMEN—EQUITY.—Where a deed conveys lands to a trustee in trust for R. for life, and after his death to his issue surviving, upon a proper case made, all parties *in esse* being before the Court, the first trustee consenting to relinquish his right, the Court may appoint another trustee, empower him to sell the land, to pay to the life tenant one-tenth of the proceeds in lieu of his life interest, to pay to one of the nine children of R. one-ninth of the remainder, to invest balance, to pay to wife of R. the income during her natural life for maintenance of herself and such children as live with her, and upon her death to divide the remaining corpus among the issue surviving R.

Before PRINCE, J., Sumter, December, 1907. Affirmed.

Action by H. S. Kolb against J. P. Booth. From judgment for plaintiff, defendant appeals.

*Messrs. L. D. Jennings* and *Cooper & Fraser,* for appellant, cite: *Sale should have been made by officer of Court:* Code, 1902, 867, 973; Code of Proc., 306. *Trustee cannot dispose of trust estate to prejudice of cestui que trust:* 1 McC. Ch., 132; Rover on Judg. Sales, sec. 177; 29 S. C., 279; 8 Wheat., 421; 8 How., 495, 565; 5 S. C., 128. *Those not parties cannot be bound by an unlawful deed:* 29 S. C., 18; 1 McC., 240; Freeman on Judg., sec. 120.

*Messrs. Lee & Moise,* contra, cite: *Sale need not be made by Court officer:* 33 S. C., 302; 23 S. C., 494; 43 S. C., 311. *Title of purchaser cannot be affected by disposition of proceeds:* 5 S. C., 128; 16 S. C., 282; 24 S. C., 403; Freeman on Judg., sec. 116; *Hunter* v. *Roof,* 43 S. C. *Power of court of equity:* 38 S. C., 197; 16 S. C., 170; 18 S. C., 8; 20 S. C., 78; 22 S. C., 329, 422; 33 S. C., 302; 38 S. C., 197; 66 S. C., 155. *Issue means grandchildren:* 44 S. C., 504.

502                    KOLB *v.* BOOTH.

July 10, 1908. The opinion of the Court was deliv-
ered by

MR. CHIEF JUSTICE POPE. In an action brought by John
S. Richardson, plaintiff, against Agnes D. Richardson, Mary
M. Richardson, Katherine M. Richardson, Hessie LaBruce,
John S. Richardson, Jr., Sophie E. Richardson, James M.
Richardson, Laura M. Richardson, C. Maynard Richardson
and D. M. Richardson, as trustee, defendants, it appears that
on November 8, 1879, James D. Blanding executed and
delivered his certain deed, recorded in the office of the clerk
of the court for said county, in Book W W, page 701,
whereby he conveyed unto the defendants, Davidson M.
Richardson, trustee, those two parcels of land, situate in the
County of Sumter, State aforesaid, containing two hundred
and twenty-nine acres, more or less: the first parcel being
bounded on the north by a new road leading from the town
of Sumter, via the estate of J. W. Dargan to the Cain-Savan-
nah Mill; east by lands of the estate of J. W. Dargan, and
by lands of John S. Richardson; south by lands of J. C.
McQueen, and lands now or late of James C. McDowell,
trustee, and west by lands now or late of James C. Mc-
Dowell, trustee, and lands now or late of the estate of C. T.
Porter; the second parcel of said land bounded north by
lands now or late of James McDowell, trustee; east by lands
of J. C. McQueen; south by lands formerly of F. M. Mel-
lett, and west by lands now or late of the estate of C. T.
Porter.

"In trust, however, for the said Davidson M. Richardson
and his heirs for the use of John S. Richardson, Jr., for and
during the term of his natural life, and after his death for
the use of such issue as the said John S. Richardson, Jr.,
shall leave living at the time of his death, the issue of any
child of the said John S. Richardson, Jr., who may have
predeceased him, taking among them the share which such
predeceased child would take if living at the time of the
death of the said John S. Richardson, Jr., to such issue of

the said John S. Richardson, Jr., and their heirs forever, freed from all trusts and limitations."

And it further appears that on the 25th day of November, 1879, James McDowell, as trustee, conveyed unto the defendant, Davidson M. Richardson, all that lot of land in said county and State, containing one hundred acres, more or less, bounded on the north, east and south by lands of John S. Richardson, Jr., and on the west by lands of C. H. Jones, a plat of said one hundred acres being recorded in the register's office for said county, in Book S, at page 349, upon the same trusts and limitations as set forth in the deed from James D. Blanding to Davidson M. Richardson, above referred to.

And still further, that the late John S. Richardson, on or about the time above mentioned, conveyed unto Davidson M. Richardson, as trustee, that tract of land, situate in said county and State, containing thirty-three and one-half acres, more or less, and bounded formerly as follows : on the north by lands of Ellen J. Anderson, the northern edge of the public road leading from Manchester by Cain-Savannah to Sumter, being the northern boundary of said tract; and on the east by lands of Dargan and lands of John S. Richardson; south by lands of John S. Richardson, and west by lands of T. A. Baker and the public road above referred to; said tract of land being represented on a plat recorded with a certain deed from Ellen J. Anderson to John S. Richardson, recorded in Book V, at page 616; that said deed was made upon the same uses and trusts as the deeds above set forth; that said deed was never recorded and has been mislaid or destroyed, and on the 14th day of November, 1904, to cure said defect Katherine M. Duncan and the said Davidson M. Richardson conveyed the said tract of land to the defendant, Davidson M. Richardson, as trustee, upon the same uses and trusts as are expressed in the deeds aforesaid. That the defendants above named, other than the defendant, Davidson M. Richardson, are all of the issue of the plaintiff, and are all of age except the defendants, Sophie E. Rich-

ardson, James M. Richardson, Laura M. Richardson and C. Maynard Richardson, who are infants, of the ages nineteen, seventeen, eleven and nine, respectively.

And it further appearing that the plaintiff has been unable to build up the land above described or to keep the building in repair, he having no other property or the income from any other property nor any fixed employment, and in consequence thereof the land has deteriorated in value, the house had become dilapidated, and the income from said land has run down from year to year. And the plaintiff has been unable to obtain good tenants, except in the case of one Joseph B. White, who rents fifty acres, including the dwelling house, and for which he pays the sum of one hundred dollars per annum.

It further appearing that the plaintiff has been offered twenty dollars an acre for said land, a part of which lies in the swamp, and said offer is a full and fair price for said land, and if accepted will yield the plaintiff and his family a very much larger income than that derived from the rents of said land, and the plaintiff is desirous of having said land sold and the money invested under the terms and limitations as are above set forth in regard to said land. And the plaintiff is also willing, under this proceeding, to accept ten per cent. of the purchase money of said land in full of his life estate in the whole, and to have the remainder invested under the terms set forth, except that he be excluded from any interest therein.

It further appearing that Davidson M. Richardson, a brother of the plaintiff, has removed from the city of Sumter and resides in the city of Columbia, and is unable to give any personal attention to such estate, the plaintiff desires the Court to appoint some suitable person, resident in the county of Sumter, as trustee under said deeds in lieu and stead of Davidson M. Richardson.

That the said substituted trustee be empowered to sell, release and convey the said land at not less than twenty dollars per acre, and that said trustee be authorized to pay over

to the plaintiff ten per cent. of the net amount received from said sale, and to invest the remainder of the proceeds of sale in interest-bearing securities to be held under the trusts and limitations as aforesaid; that the said trustee be authorized to have the land surveyed if it becomes necessary to do so.

It further appearing that all of the aforesaid contingent remaindermen *in esse* were duly made parties and were represented in person or by guardian *ad litem,* there being only three minors.

And it further appearing that a survey was made of said trust land by H. D. Moise, surveyor, dated December 10, 1904, and filed in this cause, and such survey ascertained that the land in question contains three hundred and eighty-three acres.

The matters were referred to H. Frank Wilson, master for Sumter county, and he reported that Marion Moise, Esq., was a suitable and proper person to be appointed trustee in lieu of Davidson M. Richardson.

Before said master all the parties, plaintiff and defendants, appeared, and L. I. Parrott, duly appointed guardian *ad litem,* appeared, representing the infant defendants. And by the testimony of John S. Richardson, the plaintiff, it was duly established that the defendants, other than Davidson M. Richardson, were all of his living children, and that he had no grandchildren; that the facts and circumstances set forth in the complaint are true, he reiterated a description of the estate and its condition as set forth in the complaint, and that he had been offered twenty dollars an acre by a purchaser for said land; that he would accept ten per cent. of the purchase price of the land in trust estate in full of his entire interest in said estate, thereby leaving the remainder of such estate for his children and releasing the same to them at the time so that they may have the absolute income and use of said estate without regard to any misfortune that may overtake him.

That since the commencement of this proceeding, one of the plaintiff's children, John S. Richardson, Jr., has re-

quested that he be paid one-ninth interest in said estate, after the deduction of the one-tenth to be paid to the father, in full settlement of his entire interest in said estate in present and in future; that this said son has executed a formal deed of release to the other children in full satisfaction of his entire interest in said estate; that the daughter, Sophie Richardson, is now over twenty-one years of age.

That Miss Agnes D. Richardson, by her testimony, declares that she has read the testimony of her father and fully concurs therein; that she has heard from the other adult defendants, and that they are all willing that their father shall receive one-tenth of the proceeds of sale in full of his share, and that her brother, John S. Richardson, Jr., be paid at the time one-ninth interest in said estate in full of his interest in present and in future.

The defendants, Mary Margaret Richardson, Katherine M. Richardson and Sophie E. Richardson, all concurred in their sister's agreement and testimony.

Miss Agnes Richardson further showed by her testimony that all of the children now interested in the trust fund to be realized from the sale of the plantation described in the complaint agree, when reinvested, the proceeds of said trust estate shall be paid over to the mother, Mrs. Mary Ellen Richardson, to be used by her in the support of herself and such of the family as reside with her, including, of course, the two minors, Laura and Maynard, and it is agreed that the trustee be directed to pay the income of said invested estate to her for life, and the Court is asked to make a decree carrying out this wish of all the children.

The testimony of Marion Moise, as substitute trustee, sets forth that he had consulted with the plaintiff and his family and deemed it advisable to have the property referred to in the complaint surveyed.

All these matters having been referred to Judge R. O. Purdy, he on January 7, 1905, made the following decree:

"The foregoing cause came on to be heard before me this

day, with the consent of all adult parties and with the consent of the guardian *ad litem* representing the minors.

"Upon a due consideration of the questions involved, it is, on motion of Lee & Moise, plaintiff's attorneys, adjudged and decreed, that it is for the best interest of the trust estate to have the land sold and after paying off the plaintiff, John S. Richardson, one-tenth from the net proceeds of sale, and the defendant, John S. Richardson, Jr., one-ninth of the remaining net proceeds of sale, to have the remainder invested in interest-bearing securities for the benefit of the family of the plaintiff. That Marion Moise, Esq., be substitute trustee in lieu and stead of Davidson M. Richardson, who is hereby relieved from further duties as trustee, and that the said Marion Moise, as trustee, be authorized and empowered to sell the real estate hereinafter described at not less than twenty dollars per acre, the same being the value of said land as testified to; that out of the proceeds of sale, after paying the costs and disbursements of this action, that he pay over to the plaintiff one-tenth of the same in full of his right, title and interest in and to the said trust estate, and that thereafter the said John S. Richardson shall have no further interest in said estate.

"That he next pay to the defendant, John S. Richardson, Jr., one-ninth of the remainder, taking his receipt in full of all right, title and interest in present and in future in and to said trust estate, and that the trustee take expectancy and remainder to his sisters and brothers and record a formal release from the said John S. Richardson, Jr., conveying all of his interest in said estate in and to the defendants herein and to the entire trust estate. And the trustee pay for the recording of said release out of any funds in his hands, and that he do next invest the entire remainder of said estate in interest-bearing securities, and that he pay over the net amount income therefrom to the wife of the plaintiff, Mary Ellen Richardson, the same to be used by her in maintaining the home for herself and children and for their support and maintenance, the said income to be paid to her during the

full term of her natural life, and after her death the said trustee shall divide the principal sum among such issue of the said John S. Richardson as shall be living at the time of his death, the issue of any child of his who may have predeceased him taking among them the share that such predeceased child would have taken if living at the time of the death of the said John S. Richardson to them and their heirs forever, freed from all trusts and limitations.

"The land referred to as constituting the trust estate contains three hundred and eighty-three acres, as shown by plat of H. D. Moise, surveyor, dated December 10, 1904, and filed in this cause.   Said land adjoins the public road leading from Cain-Savannah to Sumter, and land of A. J. China, C. E. Bartlette, trustee, the Lampley place and others.

"It is further ordered that this cause be left open, with leave to any party to the cause to apply at the foot of this decree for any further orders that may be necessary in regard to said trust estate."

It further appears that Marion Moise, as trustee, as aforesaid, sold and conveyed the three-hundred and eighty-three acres, the whole of the trust estate, to H. S. Kolb, who went into possession of the same.

That after his possession of said land the said H. S. Kolb, made a valid contract of sale of said land to J. P. Booth, but the said Booth declined to comply with his purchase, upon the following grounds, to wit:

1. "The deed of Kolb was made by the trustee instead of the sheriff, master or clerk as required by law, and is, therefore, invalid as to any contingent remaindermen who may be entitled to take under the terms of the deed and who were not parties to the proceedings under which the land was sold.

2. "The land was held in trust and the Court of Common Pleas had no power or jurisdiction to order a sale of the property except for the purpose of reinvestment, and the decree in this case provides for the payment to the life tenant of one-tenth and to John S. Richardson, Jr., one of the con-

tingent remaindermen, of one-ninth of the remainder, and was to that extent a breach of trust.

3. "By the terms of the trust deed the land was to have been held in trust for John S. Richardson, Sr., for and during the term of his natural life, and after his death for the use of such issue as the said John S. Richardson, Jr. (Sr.), shall have living at the time of his death, etc. While the decree provided that the income derived from the remainder of the trust estate should be paid to Mrs. Mary Ellen Richardson, the wife of the said John S. Richardson, 'the same to be used by her in maintaining the home of *herself* and *children* and for their support and maintenance, the said income to be paid to her during the full term of her natural life, and after her death the said trustee shall divide the principal sum among such issue of the said John S. Richardson as shall be living at the time of his death;' and the Court of Common Pleas is without power or jurisdiction to change the terms of the trust, to substitute *cestui que trustent* or change the time of distribution of the trust fund from the death of John S. Richardson to the death of Mrs. Mary Ellen Richardson, his wife."

The matter came on to be heard before Judge Prince, who made the following decree:

"The above styled cause came on to a hearing before me upon a controversy without action. After hearing the arguments of the attorneys in the cause, and after due consideration, I consider that the deed tendered by the plaintiff to the defendant conveys a good title in fee simple, and I hereby overrule all the objections thereto. It is, therefore, ordered, adjudged and decreed, that the defendant do forthwith comply with his contract of purchase and that he accept the deed as tendered by the plaintiff and pay the purchase money in accordance with his contract."

From this order of Judge Prince, J. P. Booth, the defendant, has appealed upon exceptions raising the same questions as his reasons for not complying.

The first exception relates merely to matters of administration.   After all it is a court of equity that acts, and it is a matter of no importance through what arm the Court exercises its right.   The title to these lands before the sale was in the new trustee, Mr. Moise; it was but transferring that title to H. S. Kolb that was being conveyed, and from this order, with all the parties before the Court, no objection was made or exception taken.

This exception must be overruled.

Second.  The order of sale made by the Judge of the three hundred and eighty-three acres of land, which comprised the whole of the trust estate, was but a reinvestment of a trust estate.   It was a matter of no moment to the purchaser, Kolb, what was done by the Court with the proceeds of sale he had paid to the proper officers.   It is true, that under the orders of the Court, a part of the purchase money was paid to John S. Richardson and a part to John S. Richardson, Jr., just as was done in the case of *Bofil* v. *Fisher,* 3 Rich. Equity, page 1, a part only of the trust lands were sold and the proceeds of sale were used in the purchase of an outstanding title in others; yet, this Court sanctioned such sale; all that the Court requires is that there shall be parties to the suit of all persons interested who are *in esse* at the time, and that the Court has jurisdiction of the subject matter.

In this case the life tenant and every one of his children, those who were *sui juris* and those who were infants, were parties to the record.   The infants were represented by a guardian *ad litem,* all parties consented, and those defendants who are infants and could not give consent were represented by a guardian *ad litem.*   This was an exercise of the high prerogative of the court of equity, which is well illustrated in the case we have just quoted, *Bofil* v. *Fisher,* where a part of the trust estate was actually applied to a purchase against the life tenant.   And on no account is it to be considered that there was any breach of trust exercised by the court of equity in the case at bar.

This exception is overruled.

Third. When the Court, in the case at bar, directed that the income of the invested estate should be paid to Mrs. Mary Ellen Richardson, the wife of the said John S. Richardson, "The same to be used by her in maintaining the home of herself and children and for their support and maintenance, the said income to be paid to her during the full term of her natural life, and after her death the said trustee shall divide the principal sum among such issue of the said John S. Richardson as shall be living at the time of her death," it had full precedence furnished by the case of *Bofil* v. *Fisher,* where the Court said, "From the great improvidence of Paul Bofil, it appears to this Court that it would be improper to intrust him with the administration and disbursements of the dividends arising from the fund." In that case Bofil was the life tenant, and the Court did not suffer him to disburse the dividends, just as in the case at bar, the life tenant, John S. Richardson, was confessedly unable to use the trust estate so as to provide a support for himself and his wife and children, and was able to realize only one hundred dollars per annum to pay taxes, and the balance to support himself and family; by his consent and that of every member of his family, the court of equity lent a helping hand, and provided a fund from the interest of which his wife and children were furnished the means of a modest living.

The principles underlying the decisions of our Court will be found in *Smith* v. *Winn,* 38 S. C., 197, 17 S. E., 717; *Rutledge* v. *Fishburne,* 66 S. C., 155, 44 S. C., 564; *Bernard* v. *Bernard,* 79 S. C., 364; *Brown* v. *McCall,* 44 S. C., 504, 22 S. E., 823.

This exception is overruled.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.